IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ARTHUR THOMPSON,                    :
    Plaintiff,                    :
                                :
    v.                    :        CIVIL ACTION NO. 25-CV-4510
                                :
F.B.I., *et al.*,                    :
    Defendants.                    :

**MEMORANDUM**

**Marston, J.**                                                    **October 27, 2025**

This is one of several civil cases filed by *pro se* Plaintiff Arthur Thompson in which he claims that his constitutional rights have been violated by his pending federal prosecutions for unlawful possession of firearms.  For the following reasons, the Court will dismiss Thompson's claims as legally frivolous and deny his *in forma pauperis* motion as moot.

## I.        FACTUAL ALLEGATIONS[1]

In 2023, Thompson was charged with several drug and weapons offenses in three criminal proceedings in state court.  *See Commonwealth v. Thompson*, Nos. CP-51-CR-0000826-2023, CP-51-CR-0008150-2023, CP-51-CR-0008153-2023 (Phila. Cnty. Ct. Com. Pl.).  In 2025, he was indicted in two federal criminal proceedings for unlawful possession of a firearm.  *See United States v. Thompson*, Nos. 25-13-1, 25-320-1 (E.D. Pa.).  Thompson moved to dismiss the indictment in his first federal criminal proceeding on the basis that it violated his Second Amendment right to bear arms and his First Amendment and statutory rights to freely exercise his religion, specifically, "to adhere to the Quran's requirement that he carry arms during prayer

---

[1] The following allegations are taken from Thompson's Complaint, Amended Complaint, and court dockets of which the Court takes judicial notice.  *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of [this] Court's docket.")  The Court adopts the pagination supplied to those filings by the CM/ECF docketing system.

as a practicing Muslim." *United States v. Thompson*, No. 25-cr-13-1, 2025 WL 1689390, at *1

(E.D. Pa. June 16, 2025).  The Court rejected Thompson's claims and denied his motion.  *Id.* at

*6.  The criminal charges remain pending with jury trials scheduled in both cases.

Separately, Thompson has filed a myriad of civil cases challenging his state and federal

prosecutions.  First, in *Thompson v. F.B.I.* ("*Thompson I*"), Thompson sued ten defendants—the

Federal Bureau of Investigation ("FBI"); the Honorable Shanese Johnson; former Assistant

District Attorney Robert Goggin; the Commonwealth of Pennsylvania; Philadelphia Gun Task

Force; the Philadelphia Police Department; Defense Attorney Robert Gamburg;[2] the Honorable

Zachary Shaffer; the Philadelphia District Attorney's Office; and the Court of Common Pleas—

for violations of his First, Second, and Eighth Amendment rights and for conspiracy to deprive

him of his constitutional rights in violation of 18 U.S.C. § 241.  *See Thompson v. Fed. Bureau of*

*Investigation*, No. 25-cv-1095, 2025 WL 834747, at *2 (E.D. Pa. Mar. 17, 2025).  After granting

Thompson leave to proceed *in forma pauperis*, the Court dismissed Thompson's Complaint

noting, as to his claims against the FBI, that sovereign immunity shields the federal government

and its agencies from suit absent a waiver.  *Id.* at *3.  The Court also explained to Thompson that

§ 241 is a criminal statute that does not provide a basis for a civil claim, and that the Court

lacked authority to initiate criminal charges.  *Id.* at *2–3.  Thompson was given leave to amend a

subset of his claims but instead filed an interlocutory appeal—which was denied for lack of

jurisdiction—and then failed to prosecute his claims upon remand, causing the Court to dismiss

the case with prejudice.  *See Thompson I*, Doc. Nos. 4–5, 8–12, 20.

---

[2] Thompson previously retained Attorney Gamburg to represent him in one of his federal criminal proceedings, No. 25-cr-13-1.  After a March 19, 2025, hearing before this Court, Thompson stated he did not intend to sue Attorney Gamburg and wished to continue with him as his attorney in his criminal case. *See* 25-cr-13-1, March 19, 2025, Hr'g Tr. 4:17–5:21, 10:11–11:3.  Nearly three months later, at a status conference on June 16, 2025, Attorney Gamburg moved to withdraw as counsel and the Court granted the motion.  *See* 25-cr-13-1, Doc. Nos. 43, 46–47.

While *Thompson I* was on interlocutory appeal, Thompson filed, and paid for, two new

cases raising the same alleged constitutional violations against many of the same defendants.

*Thompson v. F.B.I.*, No. 25-2274 (E.D. Pa.); *Thompson v. Pennsylvania*, No. 25-2780 (E.D. Pa.).

He then filed the instant case, raising claims against two federal agencies, the FBI and the

Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and sought to proceed *in forma*

*pauperis* on constitutional claims arising from his prosecution for unlawful possession of a

firearm.  However, despite numerous orders directing him to fully disclose his financial

circumstances to the Court, Thompson has been less than forthcoming in providing complete

financial information, including how he is paying rent and his related expenses.  (*See* Doc. Nos.

1, 5, 12, 14, 15.)  While the Court was awaiting Thompson's payment of the fees or a complete,

clear *in forma pauperis* motion, he filed three additional cases stemming from his prosecutions

and related imprisonment—two on a purported "class action" basis, bringing his civil case count

to seven.  *See Thompson v. All Parties Involved in the Arrest & Prosecution of Arthur Thompson*

*& All Others Similarly Situated*, No. 25-cv-5665 (E.D. Pa.); *Thompson v. Johnson*, No. 25-cv-

5818 (E.D. Pa.); *Thompson v. Fed. Detention Ctr. Phila.*, No. 25-cv-5841 (E.D. Pa.).

In the instant case, Thompson filed an Amended Complaint (Doc. No. 13) naming only

the ATF as a Defendant, meaning he has dropped his claims against the FBI.[3]  The Court

understands Thompson to be claiming that the indictment in his second federal prosecution

violates his First and Second Amendment rights for the same reasons he unsuccessfully

challenged the indictment in his earlier federal criminal case.  (*See id.* at 1.)  He also alleges that

---

[3] The Amended Complaint is now the operative pleading in this case, so the allegations of the
Amended Complaint dictate the contours of Thompson's claims.  *See Garrett v. Wexford Health*, 938
F.3d 69, 82 (3d Cir. 2019) (explaining that "an amended pleading supersedes the original pleading,"
meaning "the most recently filed amended complaint becomes the operative pleading"); *see also*
*Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) ("[L]iberal construction of a
*pro se* amended complaint does not mean accumulating allegations from superseded pleadings.").

the indictment in his second federal prosecution violates the Double Jeopardy Clause (*id.*), even

though the two federal indictments charge Thompson with unlawfully possessing a weapon on

different dates.  *Compare United States v. Thompson*, No. 25-13-1, Doc. No. 1 (E.D. Pa.), *with*

*United States v. Thompson*, No. 25-320-1, Doc. No. 1 (E.D. Pa.).  Thompson cites 18 U.S.C.

§ 241 as the basis for his claims and seeks relief in the form of $50 million, imposition of

criminal charges, dismissal of the indictment in his criminal case, and declaratory relief that his

rights have been violated.  (Doc. No. 13 at 1–2.)

## II.    STANDARD OF REVIEW

When a plaintiff files a complaint and a motion to proceed *in forma pauperis*, a district

court may take a "flexible approach" and opt to screen the complaint prior to addressing the *in*

*forma pauperis* motion.  *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*) ("[W]e hold

that a court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless

of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and

evaluate an IFP application in either order or even simultaneously.")  This approach "permits

courts to move early to screen complaints in order to conserve judicial resources."  *Id.*; *see also*

*Nah v. Carvana Co.*, No. 25-2138, 2025 WL 2952788, at *1 (3d Cir. Oct. 20, 2025) (*per curiam*)

(endorsing district court's dismissal of complaint as frivolous under § 1915(e)(2)(B)(i) without

granting *in forma pauperis* status where *in forma pauperis* application was unclear).  The Court

concludes that, given its familiarity with Thompson as a serial litigant and its concern that it has

not received complete financial information from Thompson, it would be more efficient to screen

the Complaint before addressing Thompson's *in forma pauperis* motion.  *See* 28 U.S.C. § 1915.

A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an

arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  It is

legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

## III.   DISCUSSION

As the Court previously explained to Thompson, *Thompson*, 2025 WL 834747, at *2, 18 U.S.C. § 241 is a criminal statute that does not provide a legal basis for a civil cause of action. S*ee Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]" ); *Colon-Montanez v. Pa. Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant . . . ."). The Court has also previously explained to Thompson that there is no legal basis for him to initiate criminal charges in a civil lawsuit. *See Thompson*, 2025 WL 834747, at *3; *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) ("[C]ourts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties."). And to the extent Thompson seeks to challenge his indictments and/or prosecutions, the proper place to do so is in his criminal proceedings, not a separate civil action. *See Reese v. Warden Phila. FDC*, 904 F.3d 244, 246 (3d Cir. 2018) (observing that "[c]ourts have long stressed that defendants should pursue the remedies available within the criminal action" because "[f]unneling requests for pretrial relief through the criminal action encourages an orderly, efficient resolution of the issues, maintains respect for the appellate process, and prevents duplication of judicial work and judge-

shopping"); *Green v. Krasner*, No. 23-cv-2702, 2023 WL 5985276, at *3 (E.D. Pa. Sept. 14, 2023) (dismissing request for dismissal of charges and declaratory relief because the relief sought "can only be granted by the judge presiding over his criminal case"); *Williams v. Williams*, No. 23-cv-1137, 2023 WL 5182591, at *3 (E.D. Pa. Aug. 11, 2023) ("A federal pretrial detainee challenging the validity of charges and his pretrial detention in a federal criminal case must raise such claims in a pretrial motion in the federal criminal case."). Thus, Thompson's criminal conspiracy charges must be dismissed as legally frivolous.

To the extent the Amended Complaint can be understood as an attempt to assert claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971), which provides a damages remedy against federal officers in extremely limited circumstances, it still must be dismissed as legally frivolous. *Bivens* does not permit a remedy against the United States or its agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Ibrahim v. U.S. Dep't of Veteran Affs.*, 779 F. App'x 1010, 1011 n.1 (3d Cir. 2019) (*per curiam*) (explaining that *Bivens* claims "are not available against a federal agency"). This concept was also previously explained to Thompson when the Court dismissed his complaint in *Thompson I*. *Thompson*, 2025 WL 834747, at *2.

In sum, Thompson's Amended Complaint presents no legitimate basis for a claim and will be dismissed as legally frivolous.

IV.    **CONCLUSION**

For the foregoing reasons, the Court will dismiss the Amended Complaint as legally frivolous and will deny Thompson's Motion to Proceed *In Forma Pauperis* as moot. An order dismissing this case with prejudice follows, because amendment would be futile.